**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MELVIN T. SPEARMAN,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-CV-3055** |
| | : | |
| **MARYELLEN FIELDS,** *et al.*, | : | |
| **Defendants.** | : | |

<u>**MEMORANDUM**</u>

SÁNCHEZ, C.J.                                        **AUGUST 25, 2023**

    *Pro se* Plaintiff Melvin T. Spearman filed a Complaint against the non-profit organization, Women Against Abuse, and two of its attorneys, alleging that they interfered with his parental rights and civil liberties.  Spearman seeks to proceed *in forma pauperis*.  For the following reasons, the Court will grant Spearman leave to proceed *in forma pauperis* and dismiss his Complaint upon screening.  Spearman will be granted the opportunity to file an amended complaint.

**I.      FACTUAL ALLEGATIONS**

    Spearman names the following Defendants in his Complaint:  (1) Maryellen Fields; (2) Eileen Horgan; and (3) Women Against Abuse.  (Compl. at 3.)[1]  The factual basis for Spearman's Complaint is unclear, but his claims generally appear to be based on Defendants' involvement in Spearman's state court family matters.  Spearman alleges that Defendants are "guilty of parental interference" and "use[d] the legal system to slander, harass, and prevent [Spearman's] civil liberties," and that this took place at the Philadelphia Family Court beginning in November 2017.  (*Id*. at 3, 4.)

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

Specifically, Spearman alleges that Fields "refused to prosecute a case" where Spearman was allegedly the victim of a stabbing.  (*Id*. at 4.)  He states that Fields "discriminated against" him on the basis of his "age, economic status [and] race" and "determined that [he] was not worthy of being defended or protected."  (*Id*. at 4.)  Fields also allegedly "organized and arranged several false arrests (with the help of Detective Alonzo Dawson) to harass and prevent [Spearman] from enjoying [his] civil liberties."  (*Id*.)  Fields allegedly "used her position and power in the legal system to violate many of [Spearman's] civil rights," including interfering with the custody of his son.  (*Id*.)  With respect to Horgan, Spearman alleges that she "conspired" to disregard court orders, engaged in "custodial interference to benefit herself and client," made threats against Spearman's freedom, and "assisted with organizing several false arrest[s]" that interfered with Spearman's attendance at custody hearings.  (*Id*.)  Finally, Spearman states that Fields and Horgan engaged in "improper conduct" during court hearings.  (*Id*.)

Spearman alleges that he suffered "severe mental and emotional harm as a result of the slander and illegal acts" of Defendants.  (*Id*. at 5.)  For relief, he seeks ten million dollars in damages.  (*Id*.)

## II.     STANDARD OF REVIEW

The Court grants Spearman leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Additionally, the Court must review any claims over which subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues sua sponte"). As Spearman is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III.   DISCUSSION

Spearman appears to assert constitutional claims under § 1983 and state law tort claims. Although Spearman did not cite specifically to § 1983 or allege specific constitutional violations, the Court understands his references to "civil liberties" and "parental interference" to be attempts to assert due process claims under the Fourteenth Amendment.[2] As set forth below, any

---

[2] Having reviewed all of Spearman's allegations, most of which are vague and conclusory, the Court cannot discern any other factual or legal basis for his claims. Spearman makes passing references to slander, harassment, and discrimination. To the extent that Spearman intended to assert claims for slander, harassment, or discrimination, he has provided no facts to support them, which is insufficient to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678; *see also Campbell v. LVNV Funding, LLC*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (explaining that "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way

constitutional claims cannot proceed because the named Defendants – a private non-profit organization and two of its attorneys – are not state actors subject to suit under § 1983.

### A.      Constitutional Claims

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person acting under color of state law*."  *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added).

Whether a defendant is acting under color of state law – i.e., whether the defendant is a state actor – depends on whether there is " such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself."  *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).  " To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists:  (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."  *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Spearman has not included any facts about Defendant Women Against Abuse's specific involvement in his alleged constitutional harm aside from employing Defendants Fields and

---

or the other" (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994))).

4

Horgan.  Women Against Abuse is a private, non-profit organization that provides support

services, including legal services, to victims of domestic violence.  *See* Women Against Abuse,

https://www.womenagainstabuse.org/ (last visited August 25, 2023).  Spearman has not alleged

any facts to suggest that Women Against Abuse exercises powers that are traditionally attributed

to the state.  Nor has he alleged any other facts to support an inference that Women Against

Abuse is a state actor.  *See, e.g., Gray v. Zook*, No. 20-1366, 2020 WL 13729665, at *5 (M.D.

Pa. Sept. 17, 2020) (dismissing claim against non-profit agency that provides services to

domestic violence victims where the plaintiff alleged no facts to suggest that it was a state actor);

*Johnson v. Bridge*, No. 14-884, 2014 WL 2711795, at *1 (E.D. Mo. June 16, 2014) (dismissing

§ 1983 claims against non-profit organization where the plaintiff alleged only that the non-profit

receives state funds).  Accordingly, Women Against Abuse is not a state actor, and thus,

Spearman's § 1983 claims against it must be dismissed.[3]

Fields and Horgan – the two attorneys employed by Women Against Abuse – are also not

state actors based on the facts, as pled.[4]  "Attorneys performing their traditional functions will

not be considered state actors solely on the basis of their position as officers of the court."

*Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999); *see also See Gannaway*

---

[3] Even if Spearman sufficiently pled state action with respect to Women Against Abuse, although he has not, the claims against the non-profit organization would nevertheless be dismissed.  Non-profit organizations, like municipalities, will not be liable under § 1983 for the acts of its employees under a theory of *respondeat superior*.  Non-profit organizations can only be liable under § 1983 when an official policy or custom of the non-profit organization causes the deprivation of constitutional rights.  *See Kirby v. Visionquest Nat'l, Ltd.*, No. 15-6208, 2016 WL 1623439, at *3 (E.D. Pa. Apr. 25, 2016) (applying standard for municipal liability from *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978), to § 1983 claims asserted against a non-profit company).  Spearman alleges no facts suggesting that his alleged constitutional harms were caused by a Women Against Abuse policy or custom.

[4] Although Spearman does not specifically state that Fields and Horgan are attorneys, the Court understands them to be attorneys based on the facts alleged.

*v. Stroumbakis*, 842 F. App'x 725, 730 (3d Cir. 2021) (*per curiam*) (noting that "[a] privately retained attorney clearly does not act under color of state law, and . . . that 'no color of state law attache[s] to the functions of court-appointed counsel.") (citation omitted).  This rule applies equally to court-appointed or privately-retained attorneys in family court matters, including matters involving child custody or protection from abuse.  *See, e.g.*, *Mikhail v. Kahn*, 572 F. App'x 68, 71 (3d Cir. 2014) (*per curiam*) (finding attorneys who represented wife in protection from abuse, custody, and divorce proceedings were not state actors subject to liability under § 1983); *Shallow v. Rogers*, 201 F. App'x 901, 904 (3d Cir. 2006) (*per curiam*) (affirming district court's dismissal of § 1983 claims against wife's attorney in custody dispute because attorney was not acting under color of state law); *Heffley v. Steele*, 826 F. App'x 227, 231 (3d Cir. 2020) (*per curiam*) (same); *Ludwig v. Berks Cnty., Pa.*, 313 F. App'x 479, 482-83 (3d Cir. 2008) (*per curiam*) (concluding that husband's attorney in custody proceedings was not a state actor and thus not be liable in mother's § 1983 action); *Broadnax v. City of Philadelphia*, No. 23-1533, 2023 WL 3097218, at *3 (E.D. Pa. Apr. 26, 2023) ("Courts have overwhelmingly found that the filing of a petition for a protection from abuse order does not render a private individual a state actor.").

Private individuals like Fields and Horgan can only be deemed state actors for purposes of § 1983 liability if the facts alleged show that they "engaged in joint activity with state actors." *Mikhail*, 572 F. App'x at 71-72.  "To properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred."  *Id.* at 72 (citing *D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1377 (3d Cir. 1992)).  "A conspiracy is not parallel conduct by different parties; it must embody, at its heart, an agreement between the defendants and state officials—a meeting of the minds—to violate the plaintiff's

rights." *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 645 (E.D. Pa.) (citations and internal quotations omitted), *aff'd*, 572 F. App'x 68 (3d Cir. 2014).  In addition, a plaintiff "must plead more than legal conclusions of a conspiracy or agreement." *Id.*

Spearman alleges that Horgan "conspired [to] disregard an order" that vacated a prior custody order.  (Compl. at 4.)  Spearman also alleges that both attorneys "crossed legal and ethical limits" and "practiced improper conduct," but he does not allege any facts explaining what actions they specifically took that were allegedly unethical or improper.  (*Id.*)  Such conclusory allegations do not support an inference of a conspiratorial agreement.  *See Mikhail*, 572 F. App'x at 71-72 (affirming dismissal of § 1983 claims against attorney in family court matters where "allegations of conspiracy were conclusory and insufficient to suggest that a conspiratorial agreement existed between the private actors and the other defendants"); *Aruanno v. Blodgett*, 339 F. App'x 258, 260 (3d Cir. 2009) (*per curiam*) (affirming dismissal of § 1983 claims against private attorneys where allegations that the attorneys "conspired to violate [Aruanno's] constitutional rights does not state a claim that is plausible on its face"); *Mikhail*, 991 F. Supp. 2d at 645 ("Bare allegations of conspiracy, or the assertion that 'Defendants engaged in a concerted action of a kind not likely to occur in the absence of agreement,' are insufficient." (quoting *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010))).

Moreover, Spearman's allegation that Fields "organized and arranged several false arrests [] with the help of Detective Alonzo Dawson" (Compl. at 4) does not support an inference of a conspiratorial agreement.  Spearman provides no factual basis to support this conclusory allegation, including any details about the circumstances surrounding the alleged false arrests, when they took place, Fields' involvement in them, and how these false arrests allegedly violated

7

his constitutional rights.[5]  Accordingly, because Fields and Horgan are not state actors subject to

suit under § 1983, all § 1983 claims against them must be dismissed.

      **B.**     **State Law Claims**

     Although it is not clear, Spearman may also attempt to assert state law tort claims.  The

only independent basis for jurisdiction over state law claims is 28 U.S.C. § 1332(a), which grants

a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[6]

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which

"means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of

the same state as any defendant.'"  *Lincoln Ben. Life Co*., 800 F.3d 99, 104 (3d Cir. 2015)

(quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v.

Wood*, 592 F.3d 412, 419 (3d Cir. 2010)).  An individual is a citizen of the state where they are

domiciled, meaning the state where they are physically present and intend to remain.  *See

Washington v. Hovensa*, LLC, 652 F.3d 340, 344 (3d Cir. 2011).  A non-profit corporation is a

citizen of both its state of incorporation and principal place of business.  *See SodexoMAGIC,

LLC v. Drexel Univ*., 24 F.4th 183, 202 (3d Cir. 2022).  It appears that Spearman and at least

---

     [5] To the extent that these alleged "false arrests" relate to Spearman's four state criminal actions in which he was charged with multiple counts of terroristic threats, stalking, harassment, and contempt for violating a protection from abuse order, the public record reflects that Spearman was convicted of the crimes and the convictions were upheld on appeal, in part based on "ample evidence of continued threats of harm communicated by Spearman to [the mother of his son] over a seven-month period."  *Commonwealth v. Spearman*, 268 A.3d 428, 2021 WL 5316078, at *2-7 (Pa. Super. Ct. 2021).

     [6] Because the Court has dismissed Spearman's federal claims, it will not exercise supplemental jurisdiction over any state law claims.

some of the Defendants are citizens of Pennsylvania such that diversity jurisdiction does not exist over Spearman's state law claims.

## IV.      CONCLUSION

For the foregoing reasons, the Court will grant Spearman leave to proceed *in forma pauperis*, dismiss his federal claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and dismiss any state law claims for lack of subject matter jurisdiction.  Considering Spearman's *pro se* status, he will be permitted the opportunity to file an amended complaint if he believes he can cure the defects the Court has noted as to his claims.  An appropriate order follows, which contains additional instructions as to amendment.


**BY THE COURT:**


 /s/ Juan R. Sánchez
**JUAN R. SÁNCHEZ, C.J.**